**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BENJAMIN R. RAGAN,

        Petitioner,        Case Number: 04-CV-71913

v.        HONORABLE PAUL D. BORMAN

DOUGLAS VASBINDER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND GRANTING PETITIONER'S MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner Benjamin R. Ragan filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree murder and home invasion. The Court issued an Opinion and Order (1) Denying Petition for Writ of Habeas Corpus and (2) Declining to Issue Certificate of Appealability. Now before the Court are Petitioner's Motion for Reconsideration and Motion to Proceed on Appeal *In Forma Pauperis*.

The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different a disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997), *citing* Webster's New World Dictionary 974 (3rd Ed. 1988). Further, the Local Rules also provide that any "motions for

rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," shall not be granted. L.R. 7.1(g)(3).

Petitioner seeks reconsideration on two grounds. First, he asks the Court to reconsider its decision denying relief with respect to the four claims presented in his habeas petition. Petitioner provides no argument in support of his request for reconsideration of these claims. Therefore, the Court denies reconsideration.

Second, Petitioner claims that Respondent failed to address eight supplemental claims presented in the habeas petition. The Court also did not address the eight supplemental claims asserted in the Motion for Reconsideration. As the Court noted in its Opinion and Order denying habeas corpus relief, Petitioner failed to present these claims in his original petition and failed to file a motion to amend his petition. Therefore, Petitioner cannot show that the Court's failure to address claims not presented in the petition was the result of a palpable defect. Therefore, the Court shall deny the motion for reconsideration.

Also before the Court is Petitioner's Motion to Proceed On Appeal *In Forma Pauperis*. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable

person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). While the Court has held that jurists of reason would not find the Court's conclusion that habeas corpus relief was not warranted to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Motion to Proceed on Appeal *In Forma Pauperis*.

The Court finds that its decision denying the petition for a writ of habeas corpus was not based on a palpable defect and the Motion for Reconsideration is **DENIED**.

The Court also finds that an appeal may be taken in good faith. Therefore, the Motion to Proceed on Appeal *In Forma Pauperis* is **GRANTED**.

**SO ORDERED**.

                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: March 22, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 22, 2006.

                                        S/Jonie Parker
                                        Case Manager

3